```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       HOT SPRINGS DIVISION

RICHARD BICE and
GWEN BICE                                           PLAINTIFFS

     v.               Case No: 09-6051

UNITED AMERICAN INSURANCE COMPANY                    DEFENDANT
```

## MEMORANDUM OPINION

Plaintiffs, Richard and Gwen Bice, bring this action against Defendant, United American Insurance Company ("United American"), to recover damages resulting from alleged material misrepresentations made by Defendant during Plaintiffs' procurement of health insurance policies. Plaintiffs present six theories of recovery to include breach of contract, fraud, misrepresentation, fraudulent inducement, bad faith, and breach of fiduciary duty. Defendant has moved for summary judgment as to each of Plaintiffs' claims. (Doc. 10). In particular, Defendant states that Plaintiffs' claims are either fatally flawed on their merits or time barred. The Court, having evaluated Defendant's motion and Plaintiffs' response, finds that summary judgment should be, and hereby is, **GRANTED**, and Plaintiffs' complaint is **DISMISSED WITH PREJUDICE.**

### I.   Standard

When determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the

moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado*, 165 F.3d 602, 606 (8th Cir. 1999).  Once the moving party demonstrates that the record does not disclose a genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but its response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.  Fed R. Civ. P. 56(e).  "To avoid summary judgment, the non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 718 (8th Cir. 2000).

**II.  Undisputed Material Facts**

As set forth in the statements of material facts filed by the parties pursuant to Local Rule 56.1, the following facts are undisputed:

1. Plaintiff Richard Bice learned he had diabetes in 1995.  At the time, he was employed by Bromley Parts and Services ("Bromley") and was covered by its group health insurance plan.  Mr. Bice left Bromley in 1995 and chose not to continue his health insurance through COBRA because of the expense.
2. Mr. Bice attempted to obtain health insurance during the 1995-

      1997 period but was unsuccessful due to his pre-existing condition. He was denied coverage by at least seven companies. As a result, Mr. Bice was uninsured from 1995-2004, and paid his medical bills out-of-pocket.

3. After Mr. Bice started his company, Superior Food Equipment, in 1996, Plaintiff Gwen Bice worked for Tie Communications ("Tie") for a period of two years. While there, she was covered by Tie's group health insurance policy. When her employment ended, she chose not to continue her health insurance through COBRA because of the expense.

4. In December 2003, Plaintiffs were contacted by one of United American's agents, Michelle Clement, about the potential for Plaintiffs to purchase health insurance. Thereafter, a meeting took place among Plaintiffs, Ms. Clement, and one of Ms. Clement's associates. During the meeting, Plaintiffs explained that they wanted to purchase eighty-twenty major medical health insurance. Under such a plan, Plaintiffs would be responsible for paying twenty percent of their medical bills, and their insurer would pay the remaining eighty percent. While not expressly stating that Plaintiffs would receive eighty-twenty coverage, Ms. Clement stated that she could help Plaintiffs obtain insurance.

5. During a subsequent meeting, Ms. Clement assisted Plaintiffs in the insurance application process.

6.  As part of the application process, Mr. Bice executed a "Consumer Form." It states in relevant part that:

    > I understand that United American Insurance Company *does not* offer Major Medical Policies, and the policy(s) I am purchasing may have limited outpatient coverage and doctor benefits. I know that this policy(s) does not cover everything and that I will be responsible for some costs. (emphasis original).

7.  On January 7, 2004, Mr. Bice purchased two limited benefit health insurance policies-a Hospital and Surgical Expense Policy ("HSXC") and a Surgical Expense Policy ("SSXC")-from United American. Plaintiffs received each policy in January 2004. Ms. Clement delivered the policies to Ms. Bice.

8.  On December 12, 2006, Ms. Bice purchased a Cancer Expense and Indemnity Policy ("CAXC"). Plaintiffs received the policy in December 2006.

9.  The HSXC, SSXC, and CAXC policies each stated that they were "LIMITED BENEFIT HEALTH INSURANCE COVERAGE" and provided as an "IMPORTANT NOTICE" that purchasers should:

    > Please read the copy of the application attached to this policy . . . . This application is a part of the policy and the policy was issued on the basis that the answers to all questions and the information shown on the application are correct and complete . . . . If you are not satisfied with the policy, you may surrender it, by delivering or mailing it within ten days from the date it is received by you to the company at McKinney, Texas. Immediately upon such delivery or mailing, the policy shall be deemed void from the beginning and any premium paid on it will be refunded.

10. The HSXC, SSXC, and CAXC policies each contained an Outline of

     Coverage that stated: "Read Your Policy Carefully - This outline of coverage provides a very brief description of the important features of your policy . . . . It is, therefore, important that you READ YOUR POLICY CAREFULLY!"

11. The policies set forth a benefits schedule and the manner in which covered medical expenses would be paid. Plaintiffs were given ten days to review their policies and return them for a full refund if they were not completely satisfied.

12. HSXC, SSXC, and CAXC policies each provided:

> ENTIRE CONTRACT; CHANGES: This policy with the application and attached papers, is the entire contract between You and Us. No change in this policy shall be effective until approved by Us. This approval must be noted on or attached to this policy. No agent may change this policy or waive any of its provisions.

13. Mr. Bice did not read his insurance policies. Ms. Bice did not read CAXC policy until July 2008. She did not read either the HSXC or SSXC policies.

14. United American paid Mr. Bice's claims related to a urinary tract problem and spurs removed from his heal. Thereafter, in November 2007, Ms. Bice was diagnosed with breast cancer. United American's failure to pay certain claims relating to Ms. Bice's treatment triggered the present lawsuit.

### III. Discussion

     Plaintiffs' claims arise from Defendant's alleged failure to provide them with the type of insurance coverage they requested and

to pay benefits according to the requested terms. Defendant contends that it is entitled to summary judgment. It argues that Plaintiffs' claims based on the HSXC, SSXC, and CAXC policies fail on the merits. In particular, Defendant contends it has fully complied with the terms of the written policies it issued to Plaintiffs, and that as a result, it has not breached its contractual obligations, engaged in bad faith, or operated in a manner contrary to a fiduciary obligation. Also based on the express terms of the insurance contracts, Defendant argues that even if Plaintiffs were led to believe they were purchasing major medical health insurance, their reliance on this belief, and the representations of Ms. Clement, was unjustified upon receipt of the written policies. Finally, Defendant states that any claims based on the HSXC and SSXC policies, purchased in January 2004, are time-barred under the applicable statutes of limitations. The Court will address each of these arguments.

### A. Breach of Contract

In their complaint, Plaintiffs allege that Defendant has failed to submit payment to Plaintiffs', particularly to Ms. Bice's healthcare providers, as required by the terms of the HSXC, SSXC, and CAXC insurance policies. Plaintiffs contend that Defendant is obligated to pay eighty percent of all expenses incurred in connection with Ms. Bice's cancer treatment but has refused to honor its obligation. Defendant counters that Plaintiffs have

failed to identify any provisions of the HSXC, SSXC, and CAXC insurance contracts that it breached, and that as a result, it is entitled to summary judgment.

An insurer's obligation to provide insurance benefits to the insured is governed by the contract between the parties. *Southern Farm Bureau Cas. Ins. Co. v. Craven*, 79 Ark. App. 423, 429, 89 S.W.3d 369, 373 (2002). The written contracts to which the parties assented are before the Court and have been reviewed. The language in an insurance policy is to be construed in its "plain, ordinary, popular sense." *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 363, 16 S.W.3d 242, 244 (2000). Under Arkansas law, it is well established that a contracting party is presumed to know the contents of a contract which he or she has signed, provided the party has been granted an opportunity to read the document. *Lee v. Lee*, 35 Ark. App. 192, 196, 816 S.W.2d 625, 628 (1991). A party's failure to review a contract before executing it does not alter the contractual terms. *Id*. By application of these rules, Plaintiffs' claim for breach of express contract must fail.

Under the express terms of the HSXC, SSXC, and CAXC policies, Plaintiffs were advised that they were purchasing "LIMITED BENEFIT HEALTH INSURANCE COVERAGE." The policies set forth a benefits schedule and the manner in which covered medical expenses would be paid. Plaintiffs were advised to "Read [the] Policy Carefully – This outline of coverage provides a very brief description of the

important features of your policy . . . . It is, therefore, important that you READ YOUR POLICY CAREFULLY!"  If the policies did not conform to Plaintiffs' expectations, they were instructed to return them, and they would receive a full refund of their premiums.

The undisputed material facts demonstrate that in January 2004 and December 2006, Plaintiffs believed they were purchasing eighty-twenty major medical insurance coverage from Defendant.  It is also undisputed that contrary to their belief, Plaintiffs purchased only limited benefit health insurance.  Finally, it is undisputed that Plaintiffs failed to read their insurance policies upon receipt.

"A policy holder has a duty to educate himself concerning his insurance." *Continental Cas. Co. v. Didier*, 301 Ark. 159, 164, 783 S.W.2d 29, 31 (1990).  Plaintiffs failed to fulfill their obligation to read and review the contractual obligations they entered; they are bound by the express terms of the documents they have signed.  Plaintiffs have neither identified nor appear to argue that any written contractual provisions of the policies have been breached.  Instead, they assert that because they requested, but were not provided eighty-twenty major medical coverage, Defendant breached the terms of the insurance policies when it failed to pay eighty percent of Ms. Bice's medical fees.  Thus, Plaintiffs argue that Defendant breached a contractual term that should have been included in the parties' contract.

In apparent recognition of the fact that Defendant has complied with the express terms of the policies, Plaintiffs attempt to interject the alleged actions and omissions of Ms. Clement in order to create liability on the part of Defendant.  Plaintiffs appear to contend that Ms. Clement's oral representations created a contractual term.  However, the policies in question foreclose this avenue of recovery.  Each policy states:

> ENTIRE CONTRACT; CHANGES: This policy with the application and attached papers, is the entire contract between You and Us.  No change in this policy shall be effective until approved by Us.  This approval must be noted on or attached to this policy. No agent may change this policy or waive any of its provisions.

Pursuant to Arkansas law,

> When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.

*U. S. Rubber Co. v. Northern*, 236 Ark. 381, 384, 366 S.W.2d 186, 188 (1963).  Per their terms, the insurance contracts between the parties are the complete, fully integrated expression of their agreement.  Plaintiffs cannot vary the policy terms based on their understandings of what they thought they were going to receive.  Plaintiffs are bound by the contractual agreement they entered.  Because Defendant has not breached any term of this agreement,

summary judgment is **GRANTED**.[1]

### B. Fraud

Plaintiffs allege that Defendant committed fraud, misrepresentation, and fraudulently induced them to enter the HSXC, SSXC, and CAXC insurance contracts by falsely representing that it could provide an insurance policy that would cover eighty percent of Plaintiffs' medical expenses. The tort of fraud or misrepresentation consists of five elements. They are: "(1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *Hampton v. Taylor*, 318 Ark. 771, 777, 887 S.W.2d 535, 539 (1994). Defendant contends that Plaintiffs' fraud-based claims are either time-barred or fatally flawed on the merits because there could have been no justifiable reliance on the representation.

### (1) Statute of Limitations

The statute of limitations for fraud and misrepresentation is

---

[1] Defendant alternatively contends that any claim based on the three-year statute of limitations for oral contracts is time barred. Ark. Code Ann. § 16-56-105(1). To the extent Plaintiffs claim Defendant breached an oral contract to provide eighty-twenty insurance, the claim is time barred. To the extent Plaintiffs claim Defendant breached an oral contract by actually failing to pay eighty percent of Ms. Bice's medical bills, the claim is foreclosed by the integration clause.

three years.  Ark. Code Ann. § 16-56-105.  "The statutory limitation period begins to run, in the absence of concealment of the wrong, when the wrong occurs, not when it is discovered." *Hampton v. Taylor*, 318 Ark. 771, 777, 887 S.W.2d 535, 539 (1994).  Thus, absent concealment, Plaintiffs' claims accrued when the allegedly false statements were made, not when Defendant failed to pay eighty percent of the medical expenses incurred by Ms. Bice.

It is undisputed that Plaintiffs purchased and received their HSXC and SSXC policies in January 2004.  Prior thereto, Plaintiffs had a meeting with Ms. Clement; Plaintiffs explained that they wanted to purchase eighty-twenty major medical health insurance.  While not expressly stating that Plaintiffs would receive eighty-twenty coverage, Ms. Clement stated that she could help Plaintiffs obtain insurance.  This caused Plaintiffs to believe that they were purchasing eighty-twenty insurance.  Plaintiffs commenced this action on June 12, 2009.  Thus, the allegedly misleading statements and conduct on which Plaintiffs rely to form the substance of their fraud and misrepresentation claims occurred more than three years prior to the commencement of this action.

Plaintiffs contend that the statute of limitations is tolled due to fraudulent concealment.  According to the doctrine,

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar.  There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in

>a way that it conceals itself. And if the plaintiff, by reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it.

*Wilson v. General Elec. Capital Auto Lease, Inc.*, 311 Ark. 84, 87, 841 S.W.2d 619, 621 (1992) (quoting *Scroggins Farms Corp. v. Howell*, 216 Ark. 569, 572-73, 226 S.W.2d 562, 565 (1950)).

As discussed, Plaintiffs' insurance policies clearly stated they were "LIMITED BENEFIT HEALTH INSURANCE COVERAGE" and set forth a schedule of benefits and the manner in which covered medical expenses would be paid. Rather than conceal the alleged fraud, the written contracts clearly contradicted the notion that Plaintiffs had purchased eighty-twenty major medical insurance. Receipt of the written policies triggered a duty of diligence on the part of Plaintiffs. A plaintiff claiming fraudulent concealment must "attempt to reconcile the contradiction by some action other than obtaining a repetition of the assurances given by the [defendant]." *Rice v. Ragsdale*, 104 Ark. App. 364, 374, 292 S.W.3d 856, 865 (2009). Plaintiffs failed to review their policies, and thus, they made no effort to reconcile the contradiction. *Id.* (stating suspension ceases as of the date the fraud should have been discovered); *Kirby v. United American Ins. Co.*, No. 4:08-CV-00338, 2010 WL 961658 (E.D. Ark. Jan. 22, 2010). To the contrary, in connection with certain medical problems suffered by Mr. Bice, Plaintiffs received and accepted benefits paid under the express terms of their policies. Because Defendant did not act to conceal

the alleged fraud, Plaintiffs' fraud and misrepresentation claims on the HSXC and SSXC policies are time barred, and summary judgment is **GRANTED**.

### (2) Justifiable Reliance

One of the essential elements of a claim for fraud or misrepresentation is that a plaintiff must justifiably rely on defendant's representations. *Roach v. Concord Boat Corp.*, 317 Ark. 474, 476, 880 S.W.2d 305, 306 (1994). Defendant contends that even assuming that Ms. Clement misled Plaintiffs, thereby causing them to believe they were purchasing eighty-twenty major medical insurance, Plaintiffs' reliance was not justified upon receipt of the HSXC, SSXC, and CAXC policies. In *Burgess v. French*, the Arkansas Court of Appeals considered whether a home buyer could justifiably rely on the representations of a seller when the seller's representations were clearly contradicted by other information available to the buyer. 100 Ark. App. 51, 55, 263 S.W.3d 578, 582 (2007). In particular, the seller represented that the house in question was without damage, that the electrical system was without defect, that the roof did not leak and the house did not suffer from water intrusion, and that the seller was unaware of circumstances that would adversely affect property value. *Id*. at 52, 263 S.W.3d at 579-80. The buyer entered a contract to purchase the property "as is" and declined a home inspection. The Court of Appeals held the trial court properly

dismissed the plaintiff's fraud claim because the purchaser did not reasonably rely on the seller's representations when the house was in clear disrepair, the electrical wiring in the walls was exposed, the real estate agent advised the buyer of a leak in the roof and to have an independent inspection, and the buyer disclaimed all warranties and purchased the house "as is."  *Id*. at 55, 263 S.W.3d at 582.  The Court reasoned that once certain obvious defects put the buyer on notice of potential problems, the buyer had an affirmative obligation to make further inquiry.  *Id*.; *see also Vaught v. Satterfield*, 260 Ark. 544, 547, 542 S.W.2d 502, 504 (1976) (requiring that "ascertainment of the undisclosed fact was not within the reach of . . . diligent attention or observance.").

In this case, it is not disputed that Plaintiffs believed the HSXC, SSXC, and CAXC policies were eighty-twenty major medical insurance.  However, it is also undisputed that under the clear terms of the policies, they were "LIMITED BENEFIT HEALTH INSURANCE COVERAGE" and set forth a schedule of benefits and the manner in which covered medical expenses would be paid.  These schedules clearly did not provide for the payment of eighty percent of all of Plaintiffs' medical expenses.  Upon receipt of the written contracts, Plaintiffs could not justifiably rely on the previous acts or omissions of Ms. Clement.  Plaintiffs had an affirmative obligation to consider the materials before them; by choosing not to read the policies, Plaintiffs failed to fulfill their

obligation.   The written policies, while setting forth the terms of coverage, clearly stated that they represented the entire agreement between Plaintiffs and Defendant.  If Plaintiffs were not completely satisfied with agreements as written, they simply had to return their policies to receive a full refund of their premiums. *Kirby*, 2010 WL 961658.  Rather than return the policies, Plaintiffs received and accepted benefits paid for the medical care of Mr. Bice under the policies' express terms.  Because Plaintiffs did not justifiably rely on the representations of Ms. Clement, summary judgment is **GRANTED**.

### (3) Fraudulent Inducement

Plaintiffs further allege that they were fraudulently induced to purchase the HSXC, SSXC, and CAXC policies.  Under Arkansas law,

> Fraud cannot be an agreement. It is an imposture practiced by one upon another. It may be used as an inducement to enter into an agreement.  Defendant does not claim that he entered into an agreement that affects the validity of the contract, but that he was induced by false representations to enter into the contract. If that be true the validity of the contract is not assailed, but its very existence is destroyed.

*Wal-Mart Stores, Inc. v. Coughlin*, 369 Ark. 365, 375, 255 S.W.3d 424, 432 (2007) (quoting *Allen v. Overturf*, 234 Ark. 612, 615-16, 353 S.W.2d 343, 345 (1962)).  The Court has already determined that there was no actionable fraud in this case.  While the acts or omissions of Ms. Clement may have caused Plaintiffs to apply for Defendant's insurance coverage, Plaintiffs were afforded ten days to review their policies and return them if they were not

satisfied.  Despite the clear terms of the agreement, Plaintiffs chose not to return the policies.  Therefore, summary judgment on Plaintiffs' claim of fraudulent inducement is **GRANTED**.

### C. Bad Faith

Defendant contends that it has not engaged in bad faith because it has paid all claims according to the terms of the insurance policies issued to Plaintiffs.  "The components of the tort of bad faith are affirmative misconduct by an insurer, without a good-faith defense, which is dishonest, malicious, or oppressive in an attempt to avoid liability under a policy." *Southern Farm Bureau Cas. Ins. Co. v. Allen*, 326 Ark. 1023, 1027, 934 S.W.2d 527, 529 (1996) (quoting *Aetna Casualty and Surety Co. v. Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984)).  The Court has already determined that based on the undisputed material facts, Defendant did not breach its insurance contracts with Plaintiffs.  Therefore, it cannot be said that Defendant has attempted to avoid liability under the policy. Alternatively, "mere refusal to pay a claim does not constitute the first party tort of bad faith when a valid controversy exists with respect to liability on the policy." *Cato v. Arkansas Mun. League Mun. Health Ben. Fund*, 285 Ark. 419, 422-23, 688 S.W.2d 720, 723 (1985).  Based on the express terms of the policy, there was at least a valid controversy with respect to liability. Accordingly, Defendant is entitled to summary judgment, and it is **GRANTED**.

### D. Breach of Fiduciary Duty

Defendant contends that because it paid benefits to Plaintiffs according to the terms of the HSXC, SSXC, and CAXC policies, it is entitled to summary judgment. "Breach of fiduciary duty involves betrayal of a trust and benefit by the dominant party at the expense of one under his influence." *Cole v. Laws*, 349 Ark. 177, 185, 76 S.W.3d 878, 883 (2002). The parties have not addressed the extent to which a duty may be owed in this case. The Court acknowledges that whether a duty is owed is a matter of law. *Long v. Lampton*, 324 Ark. 511, 520, 922 S.W.2d 692, 698 (1996). The Court finds suspect the notion that an insurer is always the fiduciary of its insured. Plaintiff has provided no evidence to indicate a special relationship in this case. However, even assuming a duty is owed, that duty has not been breached. Defendant has provided benefits to Plaintiff according to the terms of their contracts. Therefore, even if a duty was owed, it was not breached. Summary judgment is **GRANTED**.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (doc. 10) is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**. Each party is to bear its own fees and costs.

IT IS SO ORDERED this 6th day of July, 2010.

> */s/ Robert T. Dawson*
> Honorable Robert T. Dawson
> United States District Judge